NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS, AFL–CIO,
and Local 59, International Brotherhood
of Electrical Workers, AFL–CIO, Re-
spondents.

No. 17366.

United States Court of Appeals
Fifth Circuit.

April 20, 1959.

William J. Avrutis, Atty., Marcel Mal-
let-Prevost, Asst. Gen. Counsel, Thomas
J. McDermott, Associate Gen. Counsel,
Jerome D. Fenton, Gen. Counsel, Owsley
Vose, Atty., N. L. R. B., Washington, D.
C., for petitioner.

L. N. D. Wells, Jr., Dallas, Tex., Louis
Sherman, William J. Brown, Washington,
D. C., Mullinax, Wells & Morris, Dallas,
Tex., for respondents.

Frank Cain, Dallas, Tex., Irion, Cain,
Cocke & Macgee, Dallas, Tex., of counsel,
for Texlite, Inc., Amicus Curiae.

Before RIVES, JONES and WISDOM,
Circuit Judges.

PER CURIAM.

The National Labor Relations Board
found that Respondent Local 59, Inter-
national Brotherhood of Electrical Work-
ers, AFL–CIO, in the course of bargain-
ing negotiations with the employer, Tex-
lite, Inc., unlawfully insisted as a condi-
tion of any agreement that the bargain-
ing unit be enlarged to include certain
operations currently being performed by
members of the United Steelworkers of
America, Local 3146, in the production
and maintenance unit. The Board fur-
ther found that Respondent International
Brotherhood of Electrical Workers, AFL–
CIO, directed and controlled the Local's
unlawful bargaining conduct, and hence
shared responsibility therefor. The
Board accordingly concluded that both re-
spondents refused to bargain in violation
of Section 8(b) (3) of the Act, 29 U.S.
C.A. § 158(b) (3), and entered an appro-
priate order to remedy the violation.

The respondent unions contended be-
fore the Board and still argue: (1) that
in insisting upon the "scope" clause, Re-
spondent Local 59 was lawfully bargain-
ing about job content; (2) that Texlite
did not withdraw timely from a multi-
employer industry unit, and the single
employer unit is inappropriate; (3) that

Respondent Local 59 relieved itself of the obligation to bargain further with Texlite by unequivocally disclaiming interest in Texlite's employees; and (4) that Respondent International has never .been the collective bargaining representative of Texlite's employees, nor did it direct and control the actions of Local 59.

In a thoroughly considered decision and order reported in 119 N.L.R.B. 1792, the Board fully and explicitly answered each of these defenses claimed by the respondent unions. The Board's findings are supported by substantial evidence on the record as a whole. Indeed, the respondents concede that, "the record facts are in the main undisputed." We agree with the Board's conclusions of law and find them strongly supported by the later decided case of N.L.R.B. v. Wooster Division of Borg-Warner Corporation, 1958, 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823.

The Board's order is therefore

Enforced.