266 F.2d 349
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, AFL-CIO, and Local 59, International Brotherhood of Electrical Workers, AFL-CIO, Respondents.
 No. 17366.
 United States Court of Appeals Fifth Circuit.
 April 20, 1959.
 
 William J. Avrutis, Atty., Marcel Mallet-Prevost, Asst. Gen. Counsel, Thomas J. McDermott, Associate Gen. Counsel, Jerome D. Fenton, Gen. Counsel, Owsley Vose, Atty., N. L. R. B., Washington, D. C., for petitioner.
 L. N. D. Wells, Jr., Dallas, Tex., Louis Sherman, William J. Brown, Washington, D. C., Mullinax, Wells & Morris, Dallas, Tex., for respondents.
 Frank Cain, Dallas, Tex., Irion, Cain, Cocke & Macgee, Dallas, Tex., of counsel, for Texlite, Inc., Amicus Curiae.
 Before RIVES, JONES and WISDOM, Circuit Judges.
 PER CURIAM.
 
 
 1
 The National Labor Relations Board found that Respondent Local 59, International Brotherhood of Electrical Workers, AFL-CIO, in the course of bargaining negotiations with the employer, Texlite, Inc., unlawfully insisted as a condition of any agreement that the bargaining unit be enlarged to include certain operations currently being performed by members of the United Steelworkers of America, Local 3146, in the production and maintenance unit. The Board further found that Respondent International Brotherhood of Electrical Workers, AFL-CIO, directed and controlled the Local's unlawful bargaining conduct, and hence shared responsibility therefor. The Board accordingly concluded that both respondents refused to bargain in violation of Section 8(b) (3) of the Act, 29 U.S. C.A. § 158(b) (3), and entered an appropriate order to remedy the violation.
 
 
 2
 The respondent unions contended before the Board and still argue: (1) that in insisting upon the "scope" clause, Respondent Local 59 was lawfully bargaining about job content; (2) that Texlite did not withdraw timely from a multi-employer industry unit, and the single employer unit is inappropriate; (3) that Respondent Local 59 relieved itself of the obligation to bargain further with Texlite by unequivocally disclaiming interest in Texlite's employees; and (4) that Respondent International has never been the collective bargaining representative of Texlite's employees, nor did it direct and control the actions of Local 59.
 
 
 3
 In a thoroughly considered decision and order reported in 119 N.L.R.B. 1792, the Board fully and explicitly answered each of these defenses claimed by the respondent unions. The Board's findings are supported by substantial evidence on the record as a whole. Indeed, the respondents concede that, "the record facts are in the main undisputed." We agree with the Board's conclusions of law and find them strongly supported by the later decided case of N.L.R.B. v. Wooster Division of Borg-Warner Corporation, 1958, 356 U.S. 342, 78 S.Ct. 718, 2 L.Ed.2d 823.
 
 The Board's order is therefore
 
 4
 Enforced.